**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Troy Lynn Kartchner, )<br>)<br>Defendants. ) | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>Case No. 4:12-cr-051 |

___

Before the Court is the defendant Troy Kartchner's motion to dismiss the indictment. See Docket No. 32. Kartchner contends that he was charged pursuant to an unconstitutional provision of the Sex Offender Registration and Notification Act, namely 42 U.S.C. § 16913(d). Because the Court previously rejected Kartchner's argument in United States v. Lovejoy, 516 F. Supp. 2d 1032 (D. N.D. 2007) and he provides no persuasive reasoning to overturn the precedent, Kartchner's motion to dismiss is denied.

Kartchner was convicted of a sex offense under Utah state law in 2005. In the indictment in this case, the Government alleges Kartchner violated 18 U.S.C. § 2250 when he failed to comply with the sex offender registration requirements of the Sex Offender Registration and Notification Act, 42 U.S.C. §§ 16901 *et seq.*, commonly referred to as the acronym SORNA. Congress enacted SORNA in 2006 and empowered the Attorney General to "specify the applicability of this title [SORNA] to sex offenders convicted before the enactment of this act . . . and to proscribe rules for the Registration of any such sex offenders and for other categories of sex offenders unable to comply with" the registration requirements. 42 U.S.C. § 16913(d). The Attorney General exercised this authority in 2007 by promulgating an interim rule specifying that SORNA registration requirements

apply to pre-SORNA offenses. The Attorney General promulgated a final rule which became effective on January 28, 2011, which similarly makes SORNA registration rules apply to pre-SORNA offenses. 28 C.F.R. § 72.3. In Kartchner's motion to dismiss, he contends that Congress unconstitutionally delegated its legislative authority to the Attorney General to determine whether SORNA applied to pre-SORNA offenses. The Court previously rejected this argument in Lovejoy, 516 F. Supp. 2d 1032.

Similar to Kartchner, the defendant in Lovejoy committed a pre-SORNA sex offense in 1997. Lovejoy, 516 F. Supp. 2d at 1033. The Government charged Lovejoy with failing to comply with SORNA pursuant to the Attorney General's interim rule requiring pre-SORNA offenders to comply with the Act. Lovejoy moved to dismiss the charges, as Kartchner does here, contending that Congress unconstitutionally delegated its legislative duty to the Attorney General:

> Lovejoy contends that Congress has abdicated its decision-making authority as to sex offenders who had completed their sentence as of the date of the enactment of SORNA (July 27, 2006), and has provided the Attorney General with no guidance as to whether all such individuals must be subject to SORNA, regardless of how old their offenses[.]

Id. at 1035. The Court denied Lovejoy's challenge, holding "that Congress did not violate the non-delegation clause of the Constitution by giving the Attorney General authority under 42 U.S.C. § 16913(d) to promulgate rules as to the applicability of SORNA to certain sex offenders." Id. at 1035-36. Thus, the holding disposes of Kartchner's contention in his motion to dismiss.

Constitutional challenges to Congress's delegation within 42 U.S.C. § 16913(d) have consistently been rejected by other courts, as well. United States v. Guzman, 591 F.3d 83, 91-93 (2nd Cir.) *cert. denied*, 130 S. Ct. 3487 (2010); United States v. Whaley, 577 F.3d 254, 262-64 (5th Cir. 2009); United States v. Ambert, 561 F.3d 1202, 1212-14 (11th Cir. 2009); United States v.

Dixon, 551 F.3d 578, 583-84 (7th Cir. 2008); United States v. Burns, 518 F. Appx. 209, 211-12 (4th Cir. 2011); United States v. Lunsford, 2012 WL 828039 (W.D. Mo. Feb. 28, 2012); United States v. Goodwin, 2012 WL 984270 (C.D. Ill., March 5, 2012); United States v. Kuehl, 2012 WL 844321 (N.D. Iowa, March, 12, 2012); United States v. Lott, 2012 WL 2048218 (D. Vt. June 6, 2012); United States v. Mason, 510 F. Supp. 2d 923 (M.D. Fla. 2007); United States v. Hinen, 487 F. Supp. 2d 747 (W.D. Va. 2007). In rejecting the argument that Congress unconstitutionally delegated its legislative duty, Chief Judge Linda R. Reade of the North District of Iowa states:

> Congress clearly laid out the purpose of SORNA: "In order to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators against the victims listed below, Congress ... establishes a comprehensive national system for the registration of those offenders...." 42 U.S.C. § 16901. Thus, in issuing guidelines and determining the retroactivity of SORNA, the Attorney General is guided by "the broad policy goal of protecting the public and seeking a 'comprehensive' national registry." United States v. Ambert, 561 F.3d 1202, 1214 (11th Cir.2009); accord United States v. Whaley, 577 F.3d 254, 264 (5th Cir.2009). Furthermore, because "Congress made virtually every legislative determination in enacting SORNA," the Attorney General's discretion is "narrow and defined." Ambert, 561 F.3d at 1214. Thus, the court finds that Congress did not violate the nondelegation doctrine when it delegated to the Attorney General the authority to determine the applicability of SORNA to pre-Act offenders. See, e.g., United States v. Stewart, Nos. 11–4420, 11–4471, 2012 WL 130746, at *1 (4th Cir. Jan.18, 2012); United States v. Guzman, 591 F.3d 83, 93 (2d Cir.2010); Whaley, 577 F.3d at 264; Ambert, 561 F.3d at 1213–14.

United States v. Kuehl, 2012 WL 844321 (N.D. Iowa Mar. 12, 2012). The Court agrees with the reasoning in Kuehl.

The familiar principle of stare decisis counsels against overturning the holding in Lovejoy absent subsequent mandatory precedent or persuasive reasoning. Stare decisis holds that:

> when a point or principle of law has been once officially decided or settled by the

> ruling of a competent court in a case in which it is directly and necessarily involved, it will no longer be considered as open to examination or to a new ruling by the same tribunal, or by those which are bound to follow its adjudications, unless it be for urgent reasons and in exceptional cases.

Black's Law Dictionary (9th ed. 2009, online), stare decisis (original citation omitted). In support of Kartchner's motion to dismiss, he cites the reasoning in United States Supreme Court Justice Scalia's dissent in Reynolds v. United States, 132 S. Ct. 975 (2012), in which Justice Scalia opines that:

> it is not entirely clear to me that Congress can constitutionally leave it to the Attorney General to decide—with no statutory standard whatever governing his discretion—whether a criminal statute [such as SORNA] will or will not apply to certain individuals. That seems to me sailing close to the wind with regard to the principle that legislative powers are nondelegable[.]

Reynolds, 132 S. Ct. at 987 (Scalia, J., dissenting) (original citation omitted). This Court is bound by the precedent of the Eighth Circuit and the United States Supreme Court, but Justice Scalia's dissent and interpretation of Congress's authority to delegate is not controlling. Until a higher court decides otherwise, Lovejoy remains good law. In addition, the Court finds that Kartchner provides no persuasive reasoning to reverse the decision in Lovejoy. Accordingly, the Court **DENIES** Kartchner's motion to dismiss the indictment (Docket No. 32).

**IT IS SO ORDERED**.

Dated this 13th day of July, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court